1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

```
CRAIG FARKAS,                       .    Civil Action No. 1:17cv1259
                                    .
            Plaintiff,              .
                                    .
     vs.                            .    Alexandria, Virginia
                                    .    April 6, 2018
GENERAL DYNAMICS INFORMATION        .    10:10 a.m.
TECHNOLOGY and MS. AMY              .
GILLILAND,                          .
                                    .
            Defendants.             .
                                    .
. . . . . . . . . . . .
```

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE LEONIE M. BRINKEMA
UNITED STATES DISTRICT JUDGE

APPEARANCES:

| | |
|---|---|
| FOR THE PLAINTIFF: | CRAIG FARKAS (pro se)<br>2825 Solarro Drive<br>Sierra Vista, AZ 85635 |
| FOR THE DEFENDANTS: | NICHOLAS D. SAN FILIPPO, ESQ.<br>McGuireWoods LLP<br>1750 Tysons Boulevard, Suite 1800<br>McLean, VA 22102-4215 |
| ALSO PRESENT: | VALERIE FANT, ESQ. |
| OFFICIAL COURT REPORTER: | ANNELIESE J. THOMSON, RDR, CRR<br>U.S. District Court, Fifth Floor<br>401 Courthouse Square<br>Alexandria, VA 22314<br>(703)299-8595 |

(Pages 1 - 8)

COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

2

1          P R O C E E D I N G S

2          THE CLERK:  Civil Action 17-1259, Craig Farkas v.
3 General Dynamics Information Technology, et al.  Would counsel
4 please note their appearances for the record.
5          MR. SAN FILIPPO:  Good morning, Your Honor.  My name
6 is Nick SanFilippo, here with McGuire Woods on behalf of GDIT
7 and Ms. Amy Gilliland.  With me is Ms. Valerie Fant, who is
8 in-house counsel at GDIT.
9          THE COURT:  All right.  And, Mr. Farkas, I assume you
10 are here on your own?
11          MR. FARKAS:  I am.
12          THE COURT:  Yeah.  You're what we call a pro se, or
13 on-your-own plaintiff.
14          MR. FARKAS:  Yes.
15          THE COURT:  All right.  Well, as you-all know, this
16 matter is before the Court on the defendants' motion to
17 dismiss, and, Mr. Farkas, I recognize you came quite a distance
18 to court today, and I want to make sure that we have a complete
19 record on this, but you should understand that the law on these
20 cases is well established and is relatively straightforward and
21 strict.
22          You named Ms. Gilliland as a defendant.  As the
23 defendants point out, you can't sue an individual supervisor or
24 employee under Title VII, so that portion of the case has to be
25 dismissed as a matter of law.

3

1    And the real problem, of course, that you have in
2    this case is that the right-to-sue letter that was issued by
3    the EEOC advises that the Title VII lawsuit in federal court
4    must be filed within 90 days of the date of receipt of the
5    notice, and the problem is you were out of town for about two
6    weeks, didn't receive the letter at your home because you
7    hadn't had your mail transferred, and so when you filed your
8    complaint, it's many days past the 90-day limit, and that
9    90-day limit is just about jurisdictional.  It basically means
10   that unless there are compelling reasons, very compelling
11   reasons that justified the late filing, the Court cannot hear
12   the case.
13       Now, what I wanted to hear from you, if you don't
14   mind coming up to the lectern, in that time period, what were
15   you doing between the time you returned home and got the letter
16   and the time you filed your lawsuit?
17       MR. FARKAS:  By the time I got home and obtained the
18   letter, the letter was actually delivered to my mailbox on
19   August 5.  While I was in West Virginia for what turned out to
20   be a month, my mail was held, which --
21       THE COURT:  Right.
22       MR. FARKAS:  -- is a common practice.
23       Anybody who's going to be away from your home for an
24   extended period of time is going to hold their mail.
25       THE COURT:  There's nothing illegal or wrong about

4

1   that.  It does put you at risk if something comes in that's
2   time sensitive, that you're going to miss it.
3           MR. FARKAS:  I understand that, Your Honor, but the
4   statute states, as you just said, that the time frame starts
5   when the mail is delivered.  The mail was delivered to me on
6   August 5.  It was not received earlier, and it cannot be
7   presumed that it was received earlier when I provided facts to
8   the Court as to the actual date that it was delivered.
9           The letter from EEOC says that the 90 days starts
10  from the date that the letter -- not that the letter was
11  delivered, excuse me, but the date that I received the letter.
12          THE COURT:  But the problem you have, I know that's
13  what the letter says, but I hope you looked at the case law
14  that was cited.  Now, you're relying on a Second Circuit case.
15  Second Circuit doesn't control what happens in the Fourth
16  Circuit.  This is the Fourth Circuit.
17          Each circuit has in some respects its own law.  There
18  has to be some degree of uniformity, but the simple fact is in
19  the Fourth Circuit, there have been cases very much like yours.
20  One of the cases that the defense cited to you involved a woman
21  who was, I think, in Nicaragua for, much like you, a period of
22  time outside of the country.
23          MR. FARKAS:  Excuse me, Your Honor, but her choice
24  was to go to Nicaragua.  I had no choice.  My job is I get
25  ordered to go somewhere, I go somewhere.  I was ordered to go

5

1  to West Virginia to help the Defense Forensics and Biometrics
2  Agency with a national security issue.  When that was extended
3  for two weeks -- if it was not extended, I would have been home
4  for the letter, no issue, but in a matter of national security,
5  I had no choice but to remain in West Virginia to handle that
6  issue.
7             THE COURT:  And there's no problem with that.  The
8  problem you've got, though, is that the law in this circuit is
9  it is expected that people will file within 90 days of the time
10 that the letter was -- frankly, the safest thing is from the
11 time it's been sent.  There's a date on the letter.  There's a
12 presumption that a letter that is put in the mail will be
13 received in three days.  That's sort of a presumption.
14            But here's the question, and you haven't answered it
15 for me:  So you get back from West Virginia, and you see the
16 letter.  What do you do between the time that you see the
17 letter, what were you doing in the 60 or so days after you
18 received the letter?  Were you still working?
19            MR. FARKAS:  Yes.
20            THE COURT:  Where were you working?
21            MR. FARKAS:  I was working back in Arizona.
22            THE COURT:  So you were back home.
23            MR. FARKAS:  Um-hum.
24            THE COURT:  All right?  And I'm assuming you're a
25 fairly well-educated person.  You wrote an articulate

1   opposition to the motion to dismiss.  You were able to find the
2   Second Circuit case law.  I don't know whether you bothered to
3   look at any local law, that is, law that would apply to this
4   case, but why didn't you just go ahead and file your complaint
5   so that it would qualify to be within the 90 days?
6           MR. FARKAS:  This is not the only legal case I'm
7   involved in at this time, Your Honor.  I have a case here in
8   the State of Virginia against my brother.  He has taken my
9   mother, who has Alzheimer's and dementia, took her to sign a
10  power of attorney giving him power over all of her finances,
11  and he has been stealing her money.
12          I have been working on that with the state, and my
13  mother takes precedent over that.  My brother's stealing my
14  mother's money is not acceptable.
15          THE COURT:  But other than that, I mean, are you
16  doing that pro se as well?
17          MR. FARKAS:  Yes, I am.
18          THE COURT:  Well, it's unfortunate, and I know you'll
19  be frustrated by this ruling, but I can't find that there's the
20  kind of extraordinary equitable situation, for example, if
21  you'd had a major health issue and so you were, you know, in a
22  hospital for an extended period of time, or there'd been some
23  catastrophic issue that prevented you from being able to file
24  within the time period, those are the types of things in which
25  the Court would have the authority to excuse the late filing,

7

1   but in your case, it was your decision whether to have the mail
2   forwarded or not.
3           That's nothing wrong with that, but you run the risk
4   if you don't have your mail forwarded and there's something of
5   time sensitivity, that you're going to miss the time period,
6   and then --
7           MR. FARKAS:  There was no -- I'm sorry, Your Honor.
8   There was no anticipation on my part that I would be receiving
9   the letter in that time frame.  The EEOC took over a year just
10  to address the complaint.  There was no anticipation on my part
11  that that letter would be received during that time frame.
12          THE COURT:  I understand that, but nevertheless, I
13  mean, this is the kind of thing that happens.  And then, as I
14  said, when you did get home, there was still plenty of time to
15  have filed what was not an extensively complex or long
16  complaint.
17          So I'm granting the motion to dismiss because I find
18  on this record that the petition -- the complaint was filed
19  untimely and that I have not heard any extraordinary grounds
20  that would establish an equitable basis to have extended the
21  time period.
22          Now, you have a right to appeal this decision.
23          MR. FARKAS:  I shall.
24          THE COURT:  If you're going to appeal the decision,
25  you have to file your notice of appeal down in the Clerk's

8

1  Office within 30 days of today's date.  The Court of Appeals
2  will advise you as to when you need to do a full brief, but
3  you'd better also stay in touch because, again, their time
4  limits are very strict, all right?
5          MR. FARKAS:  Okay.
6          THE COURT:  Thank you.  You're free to go.
7          MR. FARKAS:  Thank you, Your Honor.
8          MR. SAN FILIPPO:  Thank you, Your Honor.
9                  (Which were all the proceedings
10                   had at this time.)
11
12              CERTIFICATE OF THE REPORTER
13    I certify that the foregoing is a correct transcript of
14  the record of proceedings in the above-entitled matter.
15
16
17                              _____/s/_____
                                Anneliese J. Thomson
18
19
20
21
22
23
24
25